IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MELANEE PACKARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT HOME LOANS, INC., a Michigan corporation,<br><br>Defendant. | Case No. 8:25-cv-02075-MSS-CPT |

**DEFENDANT SWIFT HOME LOANS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, Swift Home Loans, Inc. ("Swift"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), and pursuant to Local Civil Rule 1.01(d)(4), submits this Motion to Dismiss the First Amended Class Action Complaint (the "Complaint"), filed by Plaintiff, Melanee Packard ("Plaintiff"), and in support states:

## INTRODUCTION

Plaintiff filed her Complaint [E.C.F. 26] in this case, alleging violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff seeks to represent a putative class of plaintiffs, requesting monetary relief. Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), Plaintiff's TCPA claim must be dismissed, because Plaintiff attempts to bring a claim related to text messages pursuant to 47

U.S.C. § 227(c). As two district courts within the Eleventh Circuit recently held, this provision is inapplicable to text messages. *Davis v. CVS Pharmacy, Inc.*, -- F. Supp. 3d --, 2025 WL 2491195, at *4 (N.D. Fla. Aug. 26, 2025), *appeal dismissed* No. 25-13358 (11th Cir. Sept. 24, 2025); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, at *1 (M.D. Fla. Oct. 24, 2025).

## ARGUMENT

### I. Plaintiff's TCPA claim must be dismissed because Section 227(c) does not prohibit text messages.

The TCPA, codified at 47 U.S.C. § 227, consists of two primary prohibitions contained within § 227(b) and § 227(c), respectively. Section 227(b) prohibits certain uses of "automated telephone equipment," and § 227(c) authorizes the Federal Communications Commission ("FCC") to promulgate rules relating to "industry-based or company-specific 'do not call' systems." 47 U.S.C. § 227(c)(1)(a). Importantly, Plaintiff's lawsuit is brought exclusively under § 227(c).

As explained below, both § 227(b) and § 227(c) regulate voice telephone calls; however, only § 227(b) regulates text messages. Section 227(c) does not apply to text messages. Because Plaintiff makes a claim relating to text messages only under § 227(c), her Complaint must be dismissed.

**a. Text messages are not regulated by 47 U.S.C. § 227(c).**

Section 227(c) creates a private cause of action when a person "has received more than one **telephone call** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added). Such regulations include 47 C.F.R. § 64.1200(c), which states:

> No person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

The other of those regulations, 47 C.F.R. § 64.1200(d) states:

> "No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

The remainder of these implementing regulations identify the "minimum standards" for procedures to maintain do-not-call lists and to check the national do-not-call registry.

Notably, the phrases "text message" and "SMS message" are wholly absent from § 227(c)(5), and its implementing regulations — 47 C.F.R. § 64.1200(c) and (d). Rather, the statute uses the terms "telephone call," "artificial or prerecorded-

voice telephone call," and "call." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c), (d). Congress, when enacting the TCPA or the FCC, as applicable, when promulgating its regulations, could have included the term "text message" or "SMS message" in these provisions, but did not do so.

The FCC's clear intent to regulate text messages or SMS messages is demonstrated under a regulation promulgated by § 227(b) (as opposed to § 227(c)), stating: "As used in this paragraph (a)(9), the term 'call' includes a text message, including a short message service (SMS) call." 47 C.F.R. § 64.1200(a)(9). Notably, § 64.1200(a) is implemented under § 227(b) only, and not § 227(c). Thus, by limiting this definition to § 64.1200(a), the FCC clearly indicated that, unless otherwise specified, a "call" does **not** include a "text message" or "SMS message." If "call" generally or always included text messages or SMS messages, the FCC would have no reason to include a definition of "call" in this circumstance.

This distinction between § 227(b) (applying to calls and texts) and § 227(c) (applying to calls only) makes sense. As a matter of public policy, "Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls." *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003) at ¶ 165 (the "2003

Order").[1] Section 227(b) is entitled "[r]estrictions on the use of automated telephone equipment." § 227(b). Subsections (1)(A), (B) & (D), as expected, root their prohibitions in the use of an automatic telephone dialing system or an artificial or prerecorded voice. § 227(b)(1)(A) ("using any automatic telephone dialing system or an artificial or prerecorded voice"); (B) ("using an artificial or prerecorded voice"); & (D) ("to use an automatic telephone dialing system").

Similar terminology is found throughout its implementing regulation: § 64.1200(a)(1) ("using an automatic telephone dialing system or an artificial or prerecorded voice); § 64.1200(a)(2) ("using an automatic telephone dialing system or an artificial or prerecorded voice"); § 64.1200(a)(3) ("using an artificial or prerecorded voice"); & (5) ("Use an automatic telephone dialing system"). Because the FCC viewed "automated" and "prerecorded" calls as a greater nuisance, it is logical and consistent that the FCC would implement regulations in support of the broader application of § 227(b)—which specifically regulates "automated telephone dialing systems"—to text messages, while § 227(c)—which does not require "automatic" or "artificial" calls—does not apply to text messages.

When the statute's language is plain, the sole function of the courts is to enforce it according to its terms. *Hartford Underwriters Ins. Co. v. Union Planters*

---

[1] The "Report and Order," which restricts and limits the application of 47 C.F.R. § 64.1200(e), was issued by the FCC on July 3, 2003 (the "2003 Order"). *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C . Rcd. 14014 (2003), https://docs.fcc.gov/public/attachments/FCC-03-153A1.pdf.

*Bank, N.A.*, 530 U.S. 1, 6 (2000). The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992); *see also Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 488 (11th Cir. 2015) ("We are not at liberty to rewrite the statute to reflect a meaning we deem more desirable…we must give effect to the text Congress enacted."). Here, the phrase "text message" or "SMS message" is clearly absent from § 227(c), § 64.1200(c), and § 64.1200(d)—the provision under which Plaintiff brings her claim. Accordingly, based on a plain reading of the TCPA and its implementing regulations, § 227(c) does not apply to text messages.

**b. The FCC's 2003 Order does not create liability for text messages under § 227(c).**

Plaintiff may argue that because 47 C.F.R. § 64.1200(e) states that the rules set forth in "paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls or **text messages** to wireless telephone numbers to the extent described in the [2003 Order]," that text messages are actionable under 47 U.S.C. § 227(c) and its implementing regulations, and that this Court must defer to the agency's order. But, that interpretation would be incorrect.

While paragraph 165 of the 2003 Order indicates that, *under some circumstances*, "calls" do include "text calls…including short message service

(SMS) calls," those circumstances are not present here. The 2003 Order was addressing only text messages sent using "an automatic telephone dialing system or an artificial or prerecorded message" — a practice prohibited by § 227(b), not § 227(c). *Id*. ¶ 165. In fact, paragraph 165 of the 2003 Order cites only to § 227(b) and 47 C.F.R. § 64.1200(a) — not § 227(c) or 47 C.F.R. § 64.1200(c) or (d). *Id*. Thus, the 2003 Order cannot be used to imply that text messages are regulated by § 227(c) or § 64.1200(c), § 64.1200(d).

The relevant sections of the 2003 Order address claims arising under § 227(b) — not § 227(c) — and thus do not speak to facts raised in the Complaint or the issues before this Court. This Court should not, and need not, defer to them under the Administrative Orders Review Act (the "Hobbs Act").[2] Even if the 2003 Order applied to § 227(c) , the Supreme Court's recent rejection of *Chevron* deference and pronouncement that it is for the courts to say what the law is, requires the Court to interpret whether the language of the statute at issue covers text messages. *Loper Bright Ent. v. Raimondo*, 144 S. Ct. 2244, 2257 (2024) (citing *Marbury v. Madison*, 1 Cranch 137, 177, 2 L. Ed 60 (1803)). Therefore, even if the 2003 Order interpreted § 227(c), rather than § 227(b), to apply to text messages, this Court is no longer beholden to, and should reject, any such interpretation.

---

[2] Hobbs Act (28 U.S.C. § 2342) previously required a district court to defer to the FCC's legal interpretations of the TCPA in a private enforcement action.

Indeed, the courts which have evaluated this issue in earnest post-*McLaughlin Chiropractic* readily determined "text messages are not telephone calls" and dismissed identical claims. *Davis,* WL 2491195, at *4; *El Sayed* LEXIS 209469, at *1; *Jones v. Blackstone Med. Servs., LLC*, -- F. Supp. 3d --, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025) on appeal No. 25-2398 (7th Cir. July 21, 2025).

In *Davis v. CVS Pharmacy*, a Northern District of Florida court engaged in the following analysis of this issue involving a text message claim under 227(c)(5):

> As CVS cogently explains,
>
> No normal person refers to a text message, or thinks of a text message, as a "call." No ordinary user of the English language would write the sentence "John called Sue" intending to mean "John sent a text message to Sue," nor would any ordinary reader interpret the sentence in that manner.
>
> . . . . Certainly, no ordinary person would think of a text message as a "telephone call." This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case.

*Davis*, 2025 WL 2491195, at *1 (internal citation omitted). The *Davis* court thus dismissed the case with prejudice. *Id.* at 4.

In *El Sayed*, the Middle District adopted the logic in *Davis*, finding that "the statutory text here is clear and a text message is not a 'telephone call.'" *El Sayed*, LEXIS 209469, at *3. This is based on the Court's finding that common American English recognizes the distinction between a telephone call and a text message and

that Congress "understood the pertinent distinction and legislated mindful" of the same. *Id.* Thus, the Court dismissed the plaintiff's § 227(c) claim. *Id.* at *4.

The courts in Florida are not alone in their reasoning. The Central District of Illinois's recent decision in *Jones v. Blackstone Medical Services* reaches the same conclusion. The court evaluated whether Section 227(c)(5) applied to text messages. *See* No. 24-cv-01074, 2025 WL 2042764, at *1 (C.D. Ill. July 21, 2025). Following *Loper Bright* and *McLaughlin Chiropractic*, the court engaged in its own statutory analysis. *Id.* at *3-4. The court held:

> Text messaging was not an available technology in 1991, and thus "telephone call" would not have included text messages or SMS messages. . . . Moreover, in today's American parlance, "telephone call" means something entirely different from "text message". Thus, under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages.

*Id.* at *4 (internal quotations and citations omitted). While the court afforded respect to the FCC's view, it found the plain language controlled, holding "[i]t is not for a court to legislate by reading into the TCPA something that is not there." *Id.* at *5. Rather it is for Congress to update the TCPA. *Id.*

Pre-*Loper Bright* and *McLaughlin Chiropractic*, some courts recognized the application of some TCPA provisions to text messages, but the relied on the 2003 Order's interpretation of § 227(b), which is not at issue here. *See, e.g., Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of §

227(b)(1)(A)(iii).”); *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015) (“The prohibition [in 227(b)(1)] against auto dialed calls applies to text message calls as well as voice calls.”); *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1248 (S.D. Fla. 2019) (“The FCC similarly construed the TCPA broadly to find that the prohibition against automatic telephone dialing in § 227(b)(1) ‘encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls.’”); *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1207 (M.D. Fla. 2022) (“The FCC interprets ‘call’ and ‘telephone call’ in Section 227(b) to include both a voice call and a text message.”); *Legg v. Voice Media Group, Inc.*, 20 F. Supp. 3d 1370, 1373 (S.D. Fla. 2014) (“A text message to a cellular telephone qualifies as a ‘call’ within the meaning of [47 U.S.C. § 227(b)(1)(A)(iii).”).

Even in *Pariseau*, where this Court found § 227(c) to include text messages, it did so prior to the Supreme Court’s directive in *Loper* and based upon arguments not advanced here. *Pariseau*, 619 F. Supp. 3d at 1207. First, unlike the *Pariseau* defendant, Swift is *not* arguing that the interpretation of “telephone call” in any subsection of the TCPA is improper. *Id*. As discussed extensively above, Swift’s arguments are focused on whether § 227(c) governs text messages, not § 227(b).

Second, the precedent relied upon by the *Pariseau* court compelled the conclusion that the TCPA governs text messages because it would otherwise have

been in violation of the Hobbs Act for "setting aside" the applicable FCC order. *See Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015) (finding that the district court rightly refused to consider Plaintiff's argument that an FCC order was inapplicable and contrary to the plain language of the TCPA because the effect would be to "set aide, annual, or suspend" the FCC order and was thus a violation of the Hobbs Act). This type of requirement is no longer the law post-*Loper Bright* and *McLaughlin Chiropractic*, as the more recent decisions discussed above recognize.

Thus, the 2003 Order does not create a cause of action under § 227(c) relating to the receipt of text messages. Plaintiff's Complaint must be dismissed.

## **CONCLUSION**

For all the above-stated reasons, the Court should join the growing number of courts that have held that text messages are not actionable under 47 U.S.C. § 227(c) and grant Swift's Motion to Dismiss Plaintiff's Class Action Complaint with prejudice.

WHEREFORE, Defendant, Swift Home Loans, Inc., respectfully requests an order dismissing Plaintiff's Consolidated Class Action Complaint with prejudice, and awarding any other relief deemed necessary and just under the circumstances.

Dated: November 3, 2025 Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Christi A. Lawson*

**Christi A. Lawson**
**Florida Bar No. 0498351**
**Foley & Lardner LLP**
301 E Pine Street, Suite 1200
Orlando, FL 32801
Phone: 407.423.7656
Fax: 407.648.1743
Email: clawson@foley.com

*Counsel for Defendant Swift Home Loans, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, effectuating service on all counsel of record.

*/s/ Christi A. Lawson*